UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** ) | | |
| ) | | |
| **SHONDRECA MCDONALD,** ) | Case No. 05-2011-TOM-13 | |
| ) | | |
| Debtor. ) | | |

| | | |
|---|---|---|
| **SHONDRECA MCDONALD,** ) | | |
| ) | | |
| Plaintiff ) | A.P. No. 05-00054-TOM | |
| ) | | |
| vs. ) | | |
| ) | | |
| **SAMUEL SUMERLIN d/b/a** ) | | |
| **SAM'S AUTOMOTIVE** ) | | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding is before the Court following a trial on July 20, 2005, on the *Amended Complaint to Compel Turnover of Property and Complaint for Damages and Sanctions* filed by the Debtor / Plaintiff, Shondreca McDonald ("Ms. McDonald"). Appearing at trial were: Shea Patrick, Attorney for Ms. McDonald; R. Scott Nipper, Attorney for the Defendant, Samuel Sumerlin d/b/a Sam's Automotive ("Mr. Sumerlin"); Ms. McDonald; and Mr. Sumerlin. The Court has jurisdiction pursuant to 28 U.S.C. §§151, 157(a) and 1334(b) and the United States District Court for the Northern District of Alabama's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding as defined in 28 U.S.C. §

---

[1] 28 U.S.C. § 151 provides:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise

157(b)(2)(A).[2] This Court has considered the pleadings, the arguments of counsel, and the law, and finds and concludes as follows.[3]

## I. FINDINGS OF FACT[4]

Ms. McDonald purchased a 1993 Ford Taurus (the "Vehicle") from Mr. Sumerlin in February 2005. She made a $1000.00 down payment and agreed to make monthly payments of

---

the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The General Order of Reference as amended provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. § 157(b)(2)(A) & (E) provide:
    (b)(2)Core proceedings include, but are not limited to–
        (A) matters concerning the administration of the estate;

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. See ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. Unit B July 1981); Florida v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975).

2

$200.00 on the Vehicle. Soon after purchasing the Vehicle she returned it to Mr. Sumerlin for repairs. He apparently performed some repairs to the Vehicle and returned it to Ms. McDonald.

Ms. McDonald filed this chapter 13 bankruptcy case on March 1, 2005 and included the debt owed to Mr. Sumerlin in her schedules. A *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* was mailed to all creditors, including Mr. Sumerlin, on March 5, 2005. See Proc. No. 8. Mr. Sumerlin repossessed the Vehicle from Ms. McDonald's home on March 7, 2005.[5] Ms. McDonald testified she called the police after the Vehicle was repossessed. She also called Mr. Sumerlin but did not inform him she had filed bankruptcy. Mr. Sumerlin said he was unaware Ms. McDonald had filed bankruptcy when he repossessed the Vehicle.

Ms. McDonald's attorney, Joe Erdberg, called Mr. Sumerlin on March 8, 2005, to notify him of Ms. McDonald's bankruptcy and to explain that the repossession and continued control of the Vehicle violated the § 362 automatic stay. He demanded immediate turnover of the Vehicle but Mr. Sumerlin refused to return it. Mr. Sumerlin testified that an attorney (not Mr. Nipper) had advised him he did not have to return the Vehicle if it was repossessed prepetition. This adversary proceeding was filed on March 8, 2005 seeking turnover of the Vehicle and damages for violation of the automatic stay.

Ms. Patrick called Mr. Sumerlin on March 25, 2005 to again explain the § 362 automatic stay and demand immediate turnover the Vehicle. He again refused to return the Vehicle. An *Emergency Motion to Compel Turnover of Property or in the Alternative, for Emergency Show Cause Hearing* ("Emergency Motion") was filed on March 25, 2005, and a hearing on the *Emergency Motion* was held on March 31, 2005. The hearing was continued until April 7, 2005

---

[5] The Court was not told why the Vehicle was repossessed.

3

Case 05-02011-TOM13    Doc 32    Filed 07/29/05    Entered 07/29/05 13:38:10    Desc Main
Document    Page 3 of 10

to allow Mr. Sumerlin time to obtain legal representation.  Mr. Sumerlin subsequently retained Mr. Nipper, and on April 6 or 7, 2005, he returned the Vehicle to Ms. McDonald.  The *Motion to Compel* was subsequently withdrawn.  Since the Vehicle has been returned the portion of the *Complaint* demanding turnover is moot.

While Mr. Sumerlin had possession of the Vehicle, Ms. McDonald relied on friends and family for transportation and testified she paid about $10.00 per day for four weeks for rides to and from work.  Additionally, her son attends school in Montgomery and returns to Birmingham each weekend and she paid friends to drive him to and from Montgomery, costing her $25.00 to $30.00 per weekend for four weeks.  Ms. McDonald also testified that when the Vehicle was returned her paperwork from the purchase that was previously inside the Vehicle was missing and the key to the Vehicle's trunk was also missing.  Plaintiff's Exhibit 1 was admitted into evidence without objection and reflects attorneys' fees incurred in the amount of $553.00.  This amount is exclusive of the time spent in trial.

Mr. Sumerlin does not dispute that the post-petition repossession of the Vehicle violated the automatic stay.  However, he argued that he was new in the car business and was unfamiliar with bankruptcy and that any damages suffered by Ms. McDonald are de minimus.  Upon cross examination, Ms. McDonald said it cost $30.00 to fill up her car and that her car used one tank of gas to make the trip to and from Montgomery.  She also admitted she did not have a valid driver's license when she purchased the Vehicle, and that Mr. Sumerlin knew she did not have a license.  Mr. Sumerlin argued that Ms. McDonald needed people to drive her whether she had a vehicle or not and the cost of her gas for her car or friends to drive her in their car was the same.  Thus, Mr. Sumerlin's counsel suggests that no damages were suffered by Ms. McDonald.

4

## II. CONCLUSIONS OF LAW

### A. Violation of the Automatic Stay

To provide for orderly liquidation or reorganization the Bankruptcy Code stays, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This automatic stay arises by operation of law at the moment the bankruptcy petition is filed regardless of whether affected parties have notice of the filing. 11 U.S.C. § 362(a). See also, e.g., Ford v. A.C. Loftin, et al., (In re Ford), 296 B.R. 537, 542 (Bankr. N.D. Ga. 2003).

Mr. Sumerlin does not dispute that his actions violated the automatic stay. Therefore, having found that a violation of the automatic stay occurred, the Court is left only to determine whether the violation was wilful and if an award of damages is appropriate.

### B. Damages

#### 1. Actual Damages

Section 362(h) of the Bankruptcy Code provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). A creditor acts with willfulness, for purpose of § 362, when he acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the stay. See In re Parker, 279 B.R. 596, 603 (Bankr. S.D. Ala. 2002). See also Jove Eng'g, Inc. v. I.R.S. (In re Jove), 92 F.3d 1539, 1555 (11th Cir. 1996)("'willfulness generally connotes intentional action taken with at least callous indifference for the consequences'"). Where a creditor is provided actual notice of the bankruptcy, any violation of the stay must be presumed

5

to be deliberate. Smith v. Homes Today, Inc, et al. (In re Smith),296 B.R. 46, 55 (Bankr. M.D. Ala. 2003).

Oral notification of a bankruptcy filing is also sufficient to put a creditor on notice. See In re Bragg, 56 B.R. 46 (Bankr. M.D. Ala. 1985) (pre-filing conversation between creditor's agent and debtor's attorney regarding filing of petition sufficient notice to make creditor obliged to investigate before repossession).

Mr. Sumerlin was sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* on March 5, 2005, two days before he repossessed the Vehicle. He testified that he did not know of Ms. McDonald's bankruptcy when he repossessed the Vehicle. However, if this actual notice was received prior to the repossession, it must be presumed that he acted in deliberate violation of the automatic stay. Assuming, as Mr. Sumerlin contends, he did not receive actual notice of the bankruptcy before repossessing the Vehicle on March 7, 2005, he still received oral notification from Ms. McDonald's attorney the following day, on March 8, 2005. Despite receiving both oral and actual notice[6] of Ms. McDonald's bankruptcy he retained possession of the Vehicle for nearly one month in violation of the automatic stay. Even if the original repossession was not willful this continuing violation of the automatic stay was willful.

Based on the foregoing, the Court finds Mr. Sumerlin's continued possession of the Vehicle after receiving both written and oral notice of Ms. McDonald's bankruptcy was a willful violation of 11 U.S.C. § 362(a)(3). Ms. McDonald is therefore entitled to actual damages pursuant to 11 U.S.C. § 362(h). The Court finds that she suffered actual damages of $300.00 for

---

[6] Even if Mr. Sumerlin did not receive the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* prior to repossessing the Vehicle, he certainly received it shortly thereafter thus giving him actual notice of Ms. McDonald's bankruptcy long before he returned the Vehicle.

6

transportation expenses while dispossessed of her Vehicle. The Court also awards costs and attorneys' fees of $600.00. See Plaintiff's Exh. 1.

### 2. Punitive Damages

Section 362(h) also grants this Court discretion to award punitive damages in "appropriate circumstances." 11 U.S.C. § 362(h). Determining what constitutes "appropriate circumstances" is left to this Court's discretion. See Smith, 296 B.R. at 56.

For nearly the entire time he had possession of the Vehicle Mr. Sumerlin knew about Ms. McDonald's bankruptcy. Based on representations of Ms. McDonald's counsel, he was also told that his continued possession of the Vehicle was in violation of the automatic stay. Despite this knowledge he still refused to return the Vehicle until Ms. McDonald filed an *Emergency Motion to Compel Turnover of Property*. Mr. Sumerlin's unfamiliarity with the Bankruptcy Code does not excuse his actions or his blatant disregard for the law.

Therefore, based on the foregoing, the Court finds Ms. McDonald is entitled to punitive damages of $100.00. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that a **JUDGMENT** is hereby rendered against the Defendant, Samuel Sumerlin d/b/a Sam's Automotive, in favor of the Plaintiff, Shondreca McDonald, in the amount of $900.00 for actual damages and $100.00 for punitive damages.

It is further **ORDERED, ADJUDGED AND DECREED** that the Defendant, Samuel Sumerlin d/b/a Sam's Automotive shall, within fourteen days from entry of this Order, return to the Plaintiff, Shondreca McDonald, all paperwork relating to the purchase of the Vehicle that was removed from the Vehicle when the Vehicle was repossessed. If Mr. Sumerlin fails to

7

return said paperwork within fourteen days, additional damages of $25.00 per day are awarded against him until he produces the paperwork.

It is further **ORDERED, ADJUDGED AND DECREED** that the Defendant, Samuel Sumerlin d/b/a Sam's Automotive shall, within fourteen days from entry of this Order, provide the Plaintiff, Shondreca McDonald, with a working trunk key for the Vehicle. If Mr. Sumerlin fails to provide a working trunk key within fourteen days, additional damages of $25.00 per day are awarded against him until he provides such key.

Dated this the 29th day of July, 2005.

                                                **/s/ Tamara O. Mitchell**
                                                TAMARA O. MITCHELL
                                                United States Bankruptcy Judge

TOM:jdg

xc:    Shea Patrick, Attorney for the Plaintiff, Shondreca McDonald
        R. Scott Nipper, Attorney for the Defendant, Samuel Sumerlin d/b/a Sam's Automotive

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **SHONDRECA MCDONALD,** | ) | Case No. 05-2011-TOM-13 |
| | ) | |
| **Debtor.** | ) | |

| | | |
|---|---|---|
| **SHONDRECA MCDONALD,** | ) | |
| | ) | |
| **Plaintiff** | ) | A.P. No. 05-00054-TOM |
| | ) | |
| vs. | ) | |
| | ) | |
| **SAMUEL SUMERLIN d/b/a** | ) | |
| **SAM'S AUTOMOTIVE** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JUDGMENT

In conformity with the Memorandum Opinion and Order entered contemporaneously herewith, it is

**ORDERED, ADJUDGED AND DECREED** that a **JUDGMENT** is hereby rendered against the Defendant, Samuel Sumerlin d/b/a Sam's Automotive, in favor of the Plaintiff, Shondreca McDonald, in the amount of $900.00 for actual damages and $100.00 for punitive damages. Said damages shall be remitted to Plaintiff's attorney for distribution.

It is further **ORDERED, ADJUDGED AND DECREED** that the Defendant, Samuel Sumerlin d/b/a Sam's Automotive shall, within fourteen days from entry of this Order, return to the Plaintiff, Shondreca McDonald, all paperwork relating to the purchase of the Vehicle that was removed from the Vehicle when the Vehicle was repossessed. If Mr. Sumerlin fails to

9

return said paperwork within fourteen days, additional damages of $25.00 per day are awarded against him until he produces the paperwork.

It is further **ORDERED, ADJUDGED AND DECREED** that the Defendant, Samuel Sumerlin d/b/a Sam's Automotive shall, within fourteen days from entry of this Order, provide the Plaintiff, Shondreca McDonald, with a working trunk key for the Vehicle. If Mr. Sumerlin fails to provide a working trunk key within fourteen days, additional damages of $25.00 per day are awarded against him until he provides such key.

Dated this the 29th day of July, 2005.

/s/ **Tamara O. Mitchell**
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM:jdg

xc: Shea Patrick, Attorney for the Plaintiff, Shondreca McDonald
R. Scott Nipper, Attorney for the Defendant, Samuel Sumerlin d/b/a Sam's Automotive